C. Tom Arkoosh
Arkoosh Law Offices, Chartered
P.O. Box 32
301 Main Street
Gooding, ID 83330
Telephone:  (208) 934-8872
Facsimile:  (208) 934-8873

Attorneys for Jacob Bosma, Owner and Operator of
GrandView Dairy and the GrandView Dairy sued herein as GrandView Dairies
a/k/a Bosma Dairies, a/k/a Bliss Acres

U.S. COURTS

00 JAN 13  AM 10: 34

REC'D_____FILED_____
CAMERON S. BURKE
CLERK              IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO RURAL COUNCIL (IRC), an Idaho nonprofit corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>JACOB BOSMA, Owner and Operator of Grand View Dairies; HENRY BOSMA, Owner and Operator of Grand View Dairies; GRANDVIEW DAIRIES, a/k/a Bosma Dairies, a/k/a Bliss Acres; and, BOSMA ENTERPRISES, INC., )<br><br>Defendants. | No. Civ99-0581-S-BLW<br><br>**ANSWER TO COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Defendants Jacob Bosma, Owner and Operator of GrandView Dairy (sued herein as Grand

View Dairies) and GrandView Dairy (sued herein as GrandView Dairies, a/k/a Bosma Dairies)

(hereafter collectively referred to as "defendants"), by way of answer and affirmative defenses to

plaintiff's complaint, state as follows:

- - - - -

- - - - -

ANSWER TO COMPLAINT - 1

ARKOOSH LAW OFFICES, CHARTERED
Post Office Box 32
301 Main Street
Gooding, ID 83330
Telephone:  (208) 934-8872

**INTRODUCTION**

1.      Answering the first sentence of paragraph 1 of plaintiff's complaint, this sentence states legal conclusions.  To the extent that a response is required, the allegations are denied. Defendants deny the remaining allegations of said paragraph.

2.      Answering paragraph 2 of plaintiff's complaint, this paragraph states a general summary of plaintiff's claims.  To the extent that a response is required, the allegations are denied. Defendants specifically deny that plaintiff is entitled to any relief whatsoever.

**JURISDICTION AND VENUE**

3.      Answering paragraph 3 of plaintiff's complaint, defendants deny all of the allegations contained therein.

4.      Answering paragraph 4 of plaintiff's complaint, defendants deny all of the allegations contained therein, except that they admit that a copy of a letter is attached to the complaint as Exhibit A.

5.      Answering paragraph 5 of plaintiff's complaint, defendants deny all of the allegations contained therein.

6.      Answering paragraph 6 of plaintiff's complaint, defendants admit that if the court has jurisdiction, which it does not, then venue is proper in the U.S. District Court of Idaho.  Defendants deny all of the remaining allegations of paragraph 6 of plaintiff's complaint.

**PLAINTIFF**

7.      Answering paragraph 7 of plaintiff's complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and, therefore, deny the same.

8.      Answering the first sentence of paragraph 8 of plaintiff's complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, deny the same.  Defendants deny all of the remaining allegations contained in paragraph 8.

ANSWER TO COMPLAINT - 2

ARKOOSH LAW OFFICES, CHARTERED
Post Office Box 32
301 Main Street
Gooding, ID 83330
Telephone:  (208) 934-8872

9.      Answering paragraph 9 of plaintiff's complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, deny the same.

10.      Answering the first sentence of paragraph 10 of plaintiff's complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of said allegations and, therefore, deny the same.  Defendants deny all of the remaining allegations contained in paragraph 10.

11.      Answering paragraph 11 of plaintiff's complaint, defendants deny all of the allegations contained therein.

12.      Answering paragraph 12 of plaintiff's complaint, defendants deny all of the allegations contained therein.

**DEFENDANTS**

13.      Answering paragraph 13 of plaintiff's complaint, defendants admit that Jacob Bosma is an owner and the operator of GrandView Dairy (sued herein as Grand View Dairies) and admit that Jacob Bosma resides at 318 Spring Cove Road, Bliss, Idaho 83324.  Defendants deny the remaining allegations of said paragraph.

14.      Paragraph 14 contains allegations pertaining to a defendant other than this answering defendant and, therefore, does not require a response.   Defendants specifically deny that Henry Bosma is an operator of GrandView Dairy.

15.      Answering paragraph 15 of plaintiff's complaint, defendants admit that a portion of the GrandView Dairy is a CAFO, but deny the remaining allegations.

16.      Answering paragraph 16 of plaintiff's complaint, defendants admit the allegations contained therein.

**FACTS**

17.      Answering the first sentence of paragraph 17 of plaintiff's complaint, this paragraph states plaintiff's general legal conclusions, which do not require a response.  To the extent that a response is required, the allegations are denied.  Answering the remaining allegations contained in

ANSWER TO COMPLAINT - 3

ARKOOSH LAW OFFICES, CHARTERED
Post Office Box 32
301 Main Street
Gooding, ID 83330
Telephone: (208) 934-8872

paragraph 17, defendants admit that a portion of the GrandView Dairy is a CAFO, but deny the remaining allegations.

18.     Answering the allegations contained in paragraph 18 of plaintiff's complaint, this paragraph states plaintiff's general legal conclusions, which do not require a response. To the extent that a response is required, the allegations are denied.

19.     Answering paragraph 19 of plaintiff's complaint, defendants deny all of the allegations contained therein.

20.     Answering paragraph 20 of plaintiff's amended complaint, defendants admit that prior to November 8, 1999, defendants did not have an NPDES permit, but deny that one was required.

21.     Answering paragraph 21 of plaintiff's complaint, defendants deny all of the allegations contained therein.

22.     Answering paragraph 22 of plaintiff's complaint, defendants deny all of the allegations contained therein.

23.     Answering paragraph 23 of plaintiff's complaint, defendants deny all of the allegations contained therein.

24.     Answering paragraph 24 of plaintiff's complaint, defendants deny all of the allegations contained therein.

25.     Answering paragraph 25 of plaintiff's complaint, defendants deny all of the allegations contained therein for the reasons that defendants are without knowledge regarding observation of others and that the allegations of the complaint are either a mischaracterization or a misrepresentative, argumentative characterization of various Department of Agriculture reports.

26.     Answering paragraph 26 of plaintiff's complaint, defendants deny all of the allegations contained therein.

27.     Answering paragraph 27 of plaintiff's complaint, defendants deny all of the allegations contained therein.

ANSWER TO COMPLAINT - 4

28.     Answering paragraph 28 of plaintiff's complaint, defendants admit that they applied to EPA for an NPDES General Permit for CAFOs on October 18, 1999, but deny all of the remaining allegations of said paragraph.

29.     Answering paragraph 29 of plaintiff's complaint, defendants admit that on November 8, 1999, EPA issued to defendants NPDES General Permit No. IDG-010077 for the facility located on Spring Cove Road in Bliss, Idaho, but deny all remaining allegations contained in said paragraph.

30.     Answering paragraph 30 of plaintiff's complaint, defendants deny all of the allegations contained therein.

31.     Answering paragraph 31 of plaintiff's complaint, defendants deny all of the allegations contained therein.

32.     Answering paragraph 32 of plaintiff's complaint, defendants deny all of the allegations contained therein.

33.     Answering paragraph 33 of plaintiff's complaint, defendants deny all of the allegations contained therein.

34.     Answering paragraph 34 of plaintiff's complaint, defendants deny all of the allegations contained therein.

35.     Answering paragraph 35 of plaintiff's complaint, defendants deny all of the allegations contained therein.

36.     Answering paragraph 36 of plaintiff's complaint, defendants deny the of the allegations contained therein.

37.     Answering paragraph 37 of plaintiff's complaint, defendants deny all of the allegations contained therein.

38.     Answering paragraph 38 of plaintiff's complaint, defendants deny all of the allegations contained therein.

39.     Answering paragraph 39 of plaintiff's complaint, defendants admit that the permittee must comply with the permit and admit that the permit references the Idaho State Waste

ANSWER TO COMPLAINT - 5

ARKOOSH LAW OFFICES, CHARTERED
Post Office Box 32
301 Main Street
Gooding, ID 83330
Telephone: (208) 934-8872

Management Guidelines for Animal Feeding Operations, but deny the remaining allegations contained in said paragraph. Defendants specifically deny that there is any citizen-suit jurisdiction to enforce Idaho state law, regulations, or guidance, and specifically deny that there is any citizen-suit jurisdiction over the Idaho State Waste Management Guidelines for Animal Feeding Operations.

40. Answering paragraph 40 of plaintiff's complaint, this paragraph contains plaintiff's legal conclusions, which do not require a response. To the extent that a response is required, the allegations are denied.

## ALLEGATIONS

## COUNT 1

## Discharge of Pollutants Without a NPDES Permit

41. Answering paragraph 41 of plaintiff's complaint, defendants incorporate by reference their answers to all preceding paragraphs.

42. Answering paragraph 42 of plaintiff's complaint, this paragraph states general legal conclusions, which do not require a response. To the extent that a response is required, the allegations are denied.

43. Answering paragraph 43 of plaintiff's complaint, defendants deny all of the allegations contained therein.

44. Answering paragraph 44 of plaintiff's complaint, defendants deny all of the allegations contained therein.

45. Answering paragraph 45 of plaintiff's complaint, defendants deny all of the allegations contained therein.

46. Answering paragraph 46 of plaintiff's complaint, defendants deny all of the allegations contained therein.

47. Answering paragraph 47 of plaintiff's complaint, defendants deny all of the allegations contained therein.

ANSWER TO COMPLAINT - 6

48.   Answering paragraph 48 of plaintiff's complaint, defendants deny all of the allegations contained therein.

49.   Answering paragraph 49 of plaintiff's complaint, defendants deny all of the allegations contained therein.

50.   Answering paragraph 50 of plaintiff's complaint, defendants deny all of the allegations contained therein.

51.   Answering paragraph 51 of plaintiff's complaint, defendants deny all of the allegations contained therein.

52.   Answering paragraph 52 of plaintiff's complaint, defendants deny all of the allegations contained therein.

53.   Answering paragraph 53 of plaintiff's complaint, defendants deny all of the allegations contained therein.

54.   Answering paragraph 54 of plaintiff's complaint, defendants deny all of the allegations contained therein.

## COUNT 2

### Discharge of Pollutants Not Authorized by NPDES Permit

55.   Answering paragraph 55 of plaintiff's complaint, defendants incorporate by reference all of their answers to the preceding paragraphs.

56.   Answering paragraph 56 of plaintiff's complaint, this paragraph states plaintiff's general legal conclusions, which do not require a response.  To the extent that a response is required, the allegations are denied.

57.   Answering paragraph 57 of the plaintiff's complaint, this paragraph states plaintiff's general legal conclusions, which do not require a response.  To the extent that a response is required, the allegations are denied.

58.   Answering paragraph 58 of plaintiff's complaint, defendants admit the allegations contained therein.

ANSWER TO COMPLAINT - 7

ARKOOSH LAW OFFICES, CHARTERED
Post Office Box 32
301 Main Street
Gooding, ID 83330
Telephone: (208) 934-8872

1    59.    Answering paragraph 59 of plaintiff's complaint, defendants deny all of the
2    allegations contained therein.

3    60.    Answering paragraph 60 of plaintiff's complaint, defendants admit that this language
4    appears in the permit, but deny this allegation on the basis that it is a selective citation to one portion
5    of the permit, which inaccurately characterizes the permit in its entirety.

6    61.    Answering paragraph 61 of plaintiff's complaint, defendants deny all of the
7    allegations contained therein.

8    62.    Answering paragraph 62 of plaintiff's complaint, defendants deny all of the
9    allegations contained therein.

10                              **COUNT 3**

11    **Failure to Comply with National Performance Standards for Feedlots**

12    63.    Answering paragraph 63 of plaintiff's complaint, defendants incorporate by reference
13    all of their answers to all preceding paragraphs.

14    64.    Answering paragraph 64 of plaintiff's complaint, this paragraph states plaintiff's
15    general legal conclusions, which do not require a response.  To the extent that a response is required,
16    the allegations are denied.

17    65.    Answering paragraph 65 of plaintiff's complaint, this paragraph states plaintiff's
18    general legal conclusions, which do not require a response.  To the extent that a response is required,
19    the allegations are denied.

20    66.    Answering paragraph 66 of plaintiff's complaint, defendants deny all of the
21    allegations contained therein.

22                         **PRAYER FOR RELIEF**

23    Defendants deny that plaintiff is entitled to any relief and specifically deny that plaintiff is
24    entitled to the relief requested in its complaint.

25

26

ANSWER TO COMPLAINT - 8

ARKOOSH LAW OFFICES, CHARTERED
Post Office Box 32
301 Main Street
Gooding, ID 83330
Telephone: (208) 934-8872

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

The complaint fails to state a cause of action upon which relief can be granted against defendants.

## Second Affirmative Defense

Some or all of the claims set forth in the complaint are barred by the applicable statute of limitations.

## Third Affirmative Defense

Plaintiff lacks standing to bring the claims asserted in this complaint.

## Fourth Affirmative Defense

Plaintiff's claims are barred for lack of proper subject matter jurisdiction.

## Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they are moot.

## Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the diligent prosecution defense provided by the Clean Water Act and applicable case law.

## Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

## Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because there is no ongoing violation of the CWA as required by 33 U.S.C. § 1365 and applicable case law.

ANSWER TO COMPLAINT - 9

1

### Tenth Affirmative Defense

2
3

Plaintiff's claims are barred, in whole or in part, by 33 USC § 1342(k) and applicable case law.

4
5

### Eleventh Affirmative Defense

6
7

Plaintiff's claims are barred, in whole or in part, by 33 USC § 1342(l) and applicable case law.

8

### Twelfth Affirmative Defense

9
10

Plaintiff's claims are barred, in whole or in part, because they do not constitute a violation of defendant's permit.

11

### Thirteenth Affirmative Defense

12
13

Plaintiff's claims are barred, in whole or in part, because they do not constitute a violation of the Clean Water Act.

14

### Fourteenth Affirmative Defense

15
16
17
18

Plaintiff's claims are barred, in whole or in part, because there is no citizen-suit jurisdiction over claims brought pursuant to Idaho state laws, regulations, or guidance. Moreover, there is no citizen-suit jurisdiction over the Idaho State Waste Management Guidelines for Animal Feeding Operations.

19

### Fifteenth Affirmative Defense

20
21

Plaintiff's claims are barred, in whole or in part, because they are broader or more stringent than the federal Clean Water Act and, therefore, unenforceable by a citizen-suit action.

22

### Sixteenth Affirmative Defense

23
24

Plaintiff failed to comply with the requirements imposed on the commencement of citizen suits set forth in 33 U.S.C. § 1365(b)(1)(A) and the applicable CWA regulations.

25
26

ANSWER TO COMPLAINT - 10

ARKOOSH LAW OFFICES, CHARTERED
Post Office Box 32
301 Main Street
Gooding, ID 83330
Telephone: (208) 934-8872

1

### Seventeenth Affirmative Defense

The actions complained of in plaintiff's complaint were caused by the actions or activities of persons and/or entities other than defendants or were caused by the actions or inactions of persons and/or entities over which defendants have no control.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because many of the events complained of in plaintiff's complaint were upsets or Acts of God.

### Nineteenth Affirmative Defense

On information and belief, defendants allege that plaintiff lacks capacity to sue.

### Twentieth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel based on defendants' reasonable reliance on the Idaho Department of Agriculture's representations that operating the dairy under the Memorandum of Understanding between the Idaho Department of Agriculture, Idaho Department of Environmental Quality, and the EPA constituted compliance with the federal Clean Water Act and that an NPDES permit was not required for the dairy's operations.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred in whole or in part because plaintiff has failed to satisfy conditions precedent to filing this lawsuit.

### Twenty-Second Affirmative Defense

Defendants reserve the right to amend their answer to include additional affirmative defenses.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial for all issues triable by a jury.

WHEREFORE, having fully answered the plaintiff's complaint and having set forth these affirmative defenses and jury demand, defendants prays for judgment as follows:

1.    That plaintiff take nothing by way of its complaint and that the complaint be dismissed with prejudice;

ANSWER TO COMPLAINT - 11

ARKOOSH LAW OFFICES, CHARTERED
Post Office Box 32
301 Main Street
Gooding, ID 83330
Telephone:  (208) 934-8872

1    2.    That defendants be awarded their attorneys' fees, expert witness fees, and costs

2    incurred herein; and

3    3.    For such other and further relief as the Court deems just.

4    DATED this 11th day of January, 2000.

5                                                        ARKOOSH LAW OFFICE, CHARTERED

6

7                                          By_____

8                                                        C. Tom Arkoosh
                                                         Attorneys for Defendants
9                                                        Jacob Bosma, and the GrandView Dairy, sued
                                                         herein as GrandView Dairies, a/k/a Bosma
10                                                       Dairies, a/k/a Bliss Acres

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER TO COMPLAINT - 12

ARKOOSH LAW OFFICES, CHARTERED
Post Office Box 32
301 Main Street
Gooding, ID 83330
Telephone: (208) 934-8872

1

2                          CERTIFICATE OF SERVICE

3          I HEREBY CERTIFY that on the 11 day of January, 2000, I caused a true and
   correct of the foregoing document to be served by the method indicated below, and
4   addressed to the following:

5      Charles M. Tebbutt                    X    U.S. Mail, Postage Prepaid
       Marc D. Fink                          ____  Overnight Courier
6      Western Environmental Law Center      ____  Hand Delivered
       1216 Lincoln Street                   ____  Via Facsimile
7      Eugene, Oregon 97401

8
       Laird J. Lucas                        X    U.S. Mail, Postage Prepaid
9      P.O. Box 1612                         ____  Overnight Courier
       Boise, Idaho 83701                    ____  Hand Delivered
10                                           ____  Via Facsimile

11

12
                                            C. TOM ARKOOSH
13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER TO COMPLAINT - 13

ARKOOSH LAW OFFICES, CHARTERED
Post Office Box 32
301 Main Street
Gooding, ID 83330
Telephone: (208) 934-8872