IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO RURAL COUNCIL, an Idaho nonprofit corporation, | ) ) ) |
| Plaintiff, | ) Civ. No. 99-0581-S-BLW ) ) MEMORANDUM DECISION ) AND ORDER |
| v. | ) ) |
| JACOB BOSMA, Owner and Operator of Grand View Dairies; HENRY BOSMA, Owner and Operator of Grand View Dairies; GRAND VIEW DAIRIES, a/k/a Bosma Dairies, a/k/a Bliss Acres; and BOSMA ENTERPRISES, INC., a Washington corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## 1. Introduction

This matter comes before the Court on Plaintiff's Renewed Motion to Strike Affirmative Defenses, Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production, and Joint Motion to Extend Time to Disclose Experts.[1] The Court has considered the motions in light of the relevant facts and pertinent case law, and now issues the following decision.

## 2. Renewed Motion to Strike Affirmative Defenses

Plaintiff seeks to have eleven of Defendants' affirmative defenses stricken according to

---

[1] Plaintiff also filed a Motion for Leave to File Additional Interrogatories, but later withdrew the motion. Therefore, the Court will not consider it.

MEMORANDUM DECISION AND ORDER -- Page 1

Fed. R. Civ. P. 12(f), which provides:

> . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

*A. Statute of Limitations*

Pursuant to Rule 12(f), Plaintiff seeks to have Defendants' statute of limitations defense (second affirmative defense) stricken. Defendants agree to withdraw the affirmative defense, if Plaintiff will agree to strike all state-law allegations and pre-1995 violations from the complaint, and limit presentation of evidence to only federal Clean Water Act violations which occurred after 1995, and assert no state law claims.

It appears from Plaintiff's reply that it agrees not to assert any state law violations, but rather only include state law-related conduct as evidence of the violation of Defendants' federal permit. In addition, Plaintiff contends that it will not seek penalties for any conduct which occurred prior to October 10, 1994, which is the statutory cut-off date (all parties agree that the statute of limitations is five years plus a 60-day tolling period for the notice period). Based upon the Plaintiff's representations, it will strike Defendants' statute of limitations affirmative defense. However, the Court warns the Plaintiff that it will strictly enforce its assurance that it will not assert any state law violations or seek any penalties for conduct prior to October 10, 1994.

*B. Permit Shield Defense*

The Court cannot find that this defense is insufficient, redundant, immaterial, impertinent, or scandalous. Rather, it appears that this defense will be more appropriately resolved upon a motion for summary judgment after discovery has occurred, or at trial.

*C. Twelfth, Thirteenth and Fifteenth Affirmative Defenses*

The Court will not strike these affirmative defenses. While there is an issue of whether these defenses raise "core issues" which will have to be resolved under the complaint as a matter of course, the Defendants also contend that the complaint raises other allegations which are not covered by the affirmative defenses. The Court is not in a position, at this time, to resolve this issue with any certainty, and thus cannot find that the affirmative defenses are insufficient, redundant, immaterial, impertinent, or scandalous. Therefore, the defenses will not be stricken under Fed. R. Civ. P. 12(f).

*D. Jurisdiction Over Idaho State Laws*

While it appears as though this affirmative defense may in fact be a non-issue, the Court is not precisely sure how the claims and defenses will play out as discovery commences. Therefore, it is too early in the case for the Court to definitively rule on the viability of the affirmative defense, and as such, dismissal pursuant to Fed. R. Civ. P. 12(f) is premature.

*E. Control Over Actions*

The Court is not prepared at this time to dismiss this affirmative defense. However, as discovery progresses, this affirmative defense may be subject to dismissal on summary judgment. However, without the benefit of factual discovery and a better framing of how the Butler family obligations fit into the claims against the Defendants, this Court will not dismiss the defense at this time.

*F. Capacity to Sue*

The Clean Water Act makes it clear that "any citizen" may commence a civil action under that statute. 33 U.S.C. § 1365(a)(1). Subsection (g) of that statute defines "citizen" as "a person

**MEMORANDUM DECISION AND ORDER -- Page 3**

or persons having an interest which is or may be adversely affected." The complaint alleges that members of the Idaho Rural Council live "next to and in the general vicinity" of Defendants' dairy operation. Complaint, ¶ 8. Additionally, Defendants have alleged an affirmative defense based on Plaintiff's standing (third affirmative defense). Therefore, the Court finds that this affirmative defense is ripe for dismissal. While it appears that the Plaintiff has the capacity to sue the Defendants under the Clean Water Act, any standing claims remain at issue in the case.

### G. *Estoppel*

Defendants claim in their twentieth affirmative defense that the Plaintiff's claims are barred by estoppel. The Court concludes that the estoppel defense will be best resolved in subsequent dispositive motions after some discovery has been completed. As such, the Court finds that it is inappropriate to strike the defense at this time, because the Court cannot absolutely determine that Defendants' claim of estoppel is insufficient, redundant, immaterial, impertinent, or scandalous.

### H. *Failure to Satisfy Conditions Precedent*

Defendants assert as a defense that Plaintiff failed to satisfy conditions precedent when it only gave the necessary 60-day notice to Defendants, and not the Butler family. Plaintiff contends that because the Butler family is not a party to this action, notice to them was not required, and all conditions precedent have been met. While this affirmative defense may be subject to dismissal, the Court is hesitant to do so at this time, until all issues surrounding Defendants' agreement with the Butler family have come to light and the Court can consider the agreement in that context. Therefore, the Court will not dismiss this defense at this time.

*I. Right to Add Additional Defenses*

The Court agrees that this affirmative defense ought to be stricken. The Federal Rules of Civil Procedure govern when an answer may be amended to add additional defenses. Furthermore, the reserved right to add additional defenses is not a true affirmative defense, and as it is already provided for in the rules of civil procedure, the Court finds it to be redundant and subject to dismissal.

### 3. Motion to Compel Responses to Interrogatories and Requests for Production

On August 16, 2000, Plaintiff filed a Motion to Compel Responses to Interrogatories and Requests for Production. Defendants failed to respond to the motion. Thereafter, on September 7, 2000, Plaintiff filed a Request to Enter Order Re: Plaintiff's Motion to Compel. The Defendants likewise did not file any response to that request.

Pursuant to Local Rule 7.1(f), such failure to respond may be deemed a consent to the granting of the motion. As the Defendants have not argued to the Court any specific reasons why they should not be compelled to respond fully to the discovery requests, the Court will grant Plaintiff's motion and direct that the Defendants fully respond to the discovery requests on or before **November 10, 2000**.

### 4. Joint Motion to Extend Time to Disclose Experts

The parties jointly seek to extend the deadline by which they must disclose the experts intended to be called at trial. The parties agree that Plaintiff's deadline will be extended to October 11, 2000, and Defendants' deadline will be extended to November 15, 2000. The deadline for rebuttal experts will be extended to November 29, 2000. No other changes to the April 6, 2000, scheduling order are requested. The Court hereby grants the joint motion.

MEMORANDUM DECISION AND ORDER -- Page 5

## 5. Order

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's Renewed Motion to Strike Affirmative Defenses (Docket No. 24), shall be and is hereby GRANTED IN PART and DENIED IN PART. The motion is granted with respect to Defendants' Second Affirmative Defense (Statute of Limitations), Nineteenth Affirmative Defense (Capacity to Sue), and Twenty-Second Affirmative Defense (Right to Add Additional Defenses). The motion is denied with respect to all other affirmative defenses.

IT IS FURTHER ORDERED Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production (Docket No. 48), shall be and is hereby GRANTED. The Court directs Defendants to fully respond to the discovery requests on or before November 10, 2000.

IT IS FURTHER ORDERED Joint Motion to Extend Time to Disclose Experts (Docket No. 52), shall be and is hereby GRANTED. Plaintiff shall have until October 11, 2000 in which to disclose the experts it intends to call at trial. Defendants shall have until November 15, 2000 in which to disclose the experts they intend to call at trial. The deadline for rebuttal experts will be extended to November 29, 2000. All other deadlines contained in the April 6, 2000, scheduling order shall remain unchanged.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Additional Interrogatories (Docket No. 47), has been WITHDRAWN (see Docket No. 52).

Dated this 17th day of October, 2000

B. LYNN WINMILL
UNITED STATES DISTRICT JUDGE

```
                                                              lg
                    United States District Court
                              for the
                         District of Idaho
                         October 17, 2000


             * * CLERK'S CERTIFICATE OF MAILING * *


Re:  1:99-cv-00581


I certify that a copy of the attached document was mailed to the
following named persons:


        Charles M Tebbutt, Esq.
        WESTERN ENVIRONMENTAL LAW CENTER
        1216 Lincoln St
        Eugene, OR  97401
                                                  } 1 copy
        Marc D Fink, Esq.
        WESTERN ENVIRONMENTAL LAW CENTER
        1216 Lincoln St
        Eugene, OR  97401

        Laird J Lucas, Esq.
        LAND & WATER FUND OF THE ROCKIES
        PO Box 1612
        Boise, ID  83701

        C Thomas Arkoosh, Esq.
        PO Box 32
        Gooding, ID  83330

        Lori A Terry, Esq.
        PRESTON GATES & ELLIS
        701 5th Ave #5000
        Seattle, WA  98104

        Jerry R Neal, Esq.
        PRESTON GATES ELLIS
        601 W Riverside #1400
        Spokane, WA  99201
                                                  } 1 copy
        John Ray Nelson, Esq.
        PRESTON GATES ELLIS
        601 W Riverside #1400
        Spokane, WA  99201
```

Cameron S. Burke, Clerk

Date: 10/17/00     BY: _____
                       (Deputy Clerk)