UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO RURAL COUNCIL, an Idaho corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JACOB BOSMA, Owner and Operator of GrandView Dairy; HENRY BOSMA, Owner and Operator of Grand View Dairies; GRANDVIEW DAIRIES, a/k/a/ Bosma Dairies, a/k/a Bliss Acres; and, BOSMA ENTERPRISES, INC.,<br><br>　　　　　　　　　　　Defendants. | No. 99-0581-S-BLW<br><br>CONSENT DECREE |

WHEREAS, plaintiff Idaho Rural Council ("plaintiff") is an Idaho not-for-profit corporation; and

WHEREAS, plaintiff filed this action on December 9, 1999, against Jacob Bosma; Henry Bosma; Grand View Dairy; "Grandview Dairies, a/k/a Bosma Dairies, a/k/a Bliss Acres"; and Bosma Enterprises, Inc., (collectively "Defendants"); and

WHEREAS, the action is a citizen-suit alleging that defendants have violated the Federal Water Pollution Control Act (commonly known as the Clean Water Act), Idaho General NPDES Permit No. IDG-010077, and the National Performance Standards for Feedlots by allegedly discharging pollutants to waters of the United States through surface water runoff and by infiltration of dairy wastewater to groundwater that is allegedly hydrologically connected to the Butler spring and Walker spring; and

WHEREAS, defendants deny any fault, wrongdoing or liability for all counts and claims alleged by plaintiff in this action, but desire to resolve this matter simply in order to avoid the costs of continued litigation; and

WHEREAS, plaintiff and defendants have agreed that settlement of this matter is in the public interest and in the best interests of the parties and that entry of this Consent Decree ("Decree") without additional litigation or appeal is the most appropriate means of resolving this action and all claims and issues herein; and

WHEREAS, defendants have consented to entry of this Decree without admission of any issue of fact or law herein and without admission of any fact, allegation, or legal argument contained in plaintiff's sixty-day notice or the complaint in this action;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 USC § 1365(a)(1)(A).

2. The provisions of this Decree shall apply to and be binding upon the parties to this Decree as well as any entities owned or controlled, in whole or in part, by the parties to this Decree, and to their principals, officers, directors and assigns as now or hereafter constituted.

3. Defendants will:

   a. Line the "solids separator area" – that is, the "sump" area immediately above the two existing concrete sumps, below the cattle pens, and to the North of the actual separator -- with two feet of compacted bentonite clay, by June 1, 2002. Accumulated waste and wastewater shall be removed two times per year, in the Spring and Fall, and applied or managed in accordance with the BMPP. ~~[redacted]~~

   b. Eliminate the "lower" lagoon to the North of the "hospital barn," and have the "upper" lagoon to the North of the hospital barn synthetically lined, by June 30, 2002;

   c. Fence and berm the Faulkner pond area to prevent animals, waste, wastewater and irrigation water from getting in there by April 30, 2002. The area to be bermed will

run from 20 feet north of the large pivot field on the South to immediately below the existing trees at the bottom of the pasture field grade on the North, and shall encompass the flat area at the bottom of the hill to the East of the berm built by John Faulkner. Henry Bosma and Dan Butler shall meet to stake out the precise location of the berm and fence, applying a rule of reason to accomplish its stated purpose, by March 15, 2002.

The work in items 3a and 3b above shall be certified as adequately performed by a licensed engineer within 30 days of completion.

4. By April 30, 2002, Plaintiff shall cause the area between the Bosma/Butler property line and the Butler Spring collection system (including the underground perforated pipe) to be fenced off so as to prevent access by their own cattle "above" the spring.

5. Defendants shall pay plaintiff's counsel $150,000 within thirty (30) days from the date of entry of the Decree. The check for said fees and costs shall be made payable and sent to the Western Environmental Law Center, 1216 Lincoln Street, Eugene, OR 97401.

6. Plaintiff shall accept Defendants' performance of improvements made to the Dairy since receipt of the notice letter, together with work and costs needed to accomplish the items listed in paragraph 3 above, as an additional term of settlement having a value of $100,000.

7. This Decree is intended to be and shall constitute the exclusive remedy and a complete and final settlement of the claims in this action against defendants or the Grandview Dairy by plaintiff, its members, officers, and directors up to and through the entry date of this Decree, which claims are hereby dismissed with prejudice; provided, however, that the claims pending between the parties before the District Court for the Fifth Judicial District of the State of Idaho, in and for the County of Gooding, case numbers CV-99-00704 and CV-99-00706, shall not be affected by such dismissal. Enforcement of this Decree shall be the exclusive remedy of the plaintiff, its officers, directors, and members for any alleged violation of its terms.

8. The parties agree that any disputes as to the meaning, application or enforcement of this Decree which they are unable to resolve by negotiation and compromise shall be submitted for decision to the Court for final and binding decision. The parties agree that enforcement of this Consent Decree during its term shall be sought by a motion for contempt to the Court.

9. This Decree is a settlement of disputed claims and shall not constitute an admission by defendants with respect to any allegation in the 60-day notices or the complaint, or an admission or evidence of any wrongdoing or misconduct or liability on the part of defendants.

10. The term of this Decree shall expire upon certified completion of the three work items set forth in paragraph 3 above. After expiration, the Court shall direct the Clerk to enter an order of administrative termination in the action, but shall retain jurisdiction to enforce "operational" compliance with paragraphs 3.a, 3.c and 4 above as contractual obligations of the parties.

11. This Decree may be modified only upon the written consent of the parties and approval of the Court.

12. This Decree shall take effect on the date that it is entered by the Court.

13. The parties agree that this Decree is subject to the notice requirements of 33 U.S.C. § 1365(c)(3); and 40 C.F.R. § 135.5 and shall not be entered until at least forty-five (45) days after the date of lodging with the Court.

14. The undersigned representative of each party to this Decree certifies that he or she is fully authorized by the party he or she represents and its owners, officers, directors and members to enter into the terms and conditions of this Decree and to legally execute and bind such party to this Decree.

15. Each party acknowledges and represents that they have relied on the legal advice of their attorney, who is the attorney of their own choice and that the terms of this Decree have been completely read and explained to them by their attorney, and that the

terms are fully understood and voluntarily accepted. Plaintiff has been represented by Charles M. Tebbutt of the Western Environmental Law Center and Laird Lucas. Defendants have been represented by Lori A. Terry and John Ray Nelson of Preston Gates & Ellis, LLP, and C. Tom Arkoosh of Arkoosh and James, PLLC. The rule of construing ambiguities against the drafting party shall not apply to this Decree.

18. If, for any reason, the Court should decline to approve this Decree in the form presented, this Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Decree. WE HEREBY CONSENT TO ENTRY OF THIS DECREE.

DATED this 29 day of January, 2002.

Henry Bosma, individually and on behalf of Grandview Dairy, LLC, Bliss Acres, LLC, and Bosma Enterprises, Inc.

DATED this 25 day of January, 2002.

Jacob Bosma, individually and on behalf of Grandview Dairy, LLC, and Bosma Enterprises, Inc.

DATED this 23d day of January, 2002.

PRESTON GATES & ELLIS LLP

By
John Ray Nelson
Lori A. Terry

Attorneys for Defendants
                                                        Henry Bosma, et al.

DATED this 25th day of January, 2002.

                                                        ARKOOSH AND JAMES, PLLC

                                                        By_____
                                                           C. Tom Arkoosh
                                                           Attorneys for Defendants
                                                           Jacob Bosma, et al.

DATED this 25th day of January, 2002.

                                                        Idaho Rural Council

                                                        By: Jack Thornborrow, its President

DATED this 1st day of February, 2002.

                                                        WESTERN ENVIRONMENTAL LAW CENTER

                                                        By:_____
                                                           Charles M. Tebbutt
                                                           Attorneys for Idaho Rural Council

## ORDER

IT IS SO ORDERED.

Dated this 22nd day of March, 2002.

                                                        _____
                                                        The Honorable B. Lynn Winmill
                                                        U.S. District Court Judge

K:\41221\00001\JN\JN__A225C



United States District Court
for the
District of Idaho
March 22, 2002

dkh

* * CLERK'S CERTIFICATE OF MAILING * *

Re: 1:99-cv-00581

I certify that a copy of the attached document was mailed or faxed to the following named persons:

    Charles M Tebbutt, Esq.
    WESTERN ENVIRONMENTAL LAW CENTER
    1216 Lincoln St
    Eugene, OR  97401

    Marc D Fink, Esq.
    WESTERN ENVIRONMENTAL LAW CENTER
    1216 Lincoln St
    Eugene, OR  97401

    Laird J Lucas, Esq.
    LAND & WATER FUND OF THE ROCKIES
    PO Box 1612
    Boise, ID  83701

    C Thomas Arkoosh, Esq.
    PO Box 32
    Gooding, ID  83330

    Lori A Terry, Esq.
    PRESTON GATES & ELLIS
    701 5th Ave #5000
    Seattle, WA  98104

    Jerry R Neal, Esq.
    PRESTON GATES ELLIS
    601 W Riverside #1400
    Spokane, WA  99201

    John Ray Nelson, Esq.   1-509-456-0146
    PRESTON GATES ELLIS
    601 W Riverside #1400
    Spokane, WA  99201

    _____Chief Judge B. Lynn Winmill
    _____Judge Edward J. Lodge
    _____Chief Magistrate Judge Larry M. Boyle
    _____Magistrate Judge Mikel H. Williams

Cameron S. Burke, Clerk

Date: 3-22-02        BY: _____RH_____
                         (Deputy Clerk)